IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES F. SALMON,

      Petitioner,                    No. CIV 10-0595 FCD KJM P

   vs.

ANTHONY HEDGPETH,[1]             ORDER AND

      Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner represented by counsel, applying for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his criminal conviction. Respondent has filed a motion to dismiss petitioner's habeas application as time-barred. A hearing with respect to respondent's motion was held on September 9, 2010. Charles Carbone appeared as counsel for petitioner; Daniel Bernstein appeared as counsel for respondent.

I. Factual Background

        On June 12, 1996, petitioner was convicted of kidnapping, first degree murder and torture. Resp't's Lodged Doc. #1. On August 11, 2006, petitioner was ordered to serve a

---

[1] Anthony Hedgpeth, the Warden at petitioner's place of incarceration, is hereby substituted as respondent in this action as provided by Rule 25(d) of the Federal Rules of Civil Procedure and <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir 1992). <u>See</u> Resp't's June 24, 2010 Mot. to Dismiss at n.1.

1

sentence of life without the possibility of parole and other concurrent sentences.  Id.  Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District.  Resp't's Lodged Doc. #6.  The Court of Appeal issued its opinion regarding the appeal on August 22, 2008 and upheld petitioner's convictions.  Resp't's Lodged Doc. #2.  Petitioner sought review of the Court of Appeal's decision in the California Supreme Court.  Resp't's Lodged Doc. #3.  That request was denied on December 10, 2008.  Resp't's Lodged Doc. #5.  The instant federal petition was filed March 15, 2010.

II. AEDPA Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) has a one-year limitations period for habeas cases by persons in custody pursuant to a state court judgment.  The statute provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on March 10, 2009 when the time for filing a petition for writ of certiorari in the United State Supreme

Court concerning the denial of petitioner's California Supreme Court petition for review expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The limitations period applicable to petitioner's habeas petition commenced under § 2244(d)(1)(A) on March 11, 2009. Absent tolling, the limitations period ran out on March 10, 2010. As noted, petitioner filed his federal petition for writ of habeas corpus on March 15, 2010.[2]

Under 28 U.S.C. § 2244(d)(2) the limitations period is suspended for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. However, petitioner did not file any applications for post-conviction or other collateral review with respect to the convictions at issue in this action in state court.

The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

In his opposition to respondent's motion, petitioner indicates he suffered from a fractured neck and a growing tumor on his hip. Opp'n at 3:1-5. He was given high doses of pain medication, which made him sedated and, at times, prevented him from communicating with his attorney. Id. at 3:6-10. Petitioner asserts these facts entitle him to equitable tolling of the limitations period. Petitioner does not allege specific periods of time during which he could not communicate, or that he was unable to communicate with his attorney during most or all of the limitations period. Moreover, petitioner fails to point to anything suggesting the communication he did have with his counsel was insufficient for counsel to file a timely habeas petition. Here, the claims presented in this court were presented on direct review, meaning that preparation of

---

[2] The proof of service is dated March 11, 2010, which is still one day after the limitations period ran, and petitioner's counsel concedes that where petitioner is represented by counsel he cannot benefit from the mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988).

3

the habeas petition filed in this court could have been based on the direct review record and briefs, without extended communication with petitioner. The arguments counsel ultimately has made in this court are very similar to the arguments petitioner made before the California Supreme Court (Resp't's Lodged Doc. #2 at 13-22), as they must be to satisfy the exhaustion of state court remedies requirement. See 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276-78 (1971).

Petitioner is not entitled to equitable tolling.

III. Request For Evidentiary Hearing

Petitioner asserts the court should hold an evidentiary hearing with respect to petitioner's claim that he is entitled to equitable tolling of the limitations period. In deciding whether to hold a hearing, the court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. . . ." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006). In the petition, petitioner has not made sufficiently specific allegations to raise the possibility that the allegations, if established as true, would entitle petitioner to equitable tolling. Petitioner's request for an evidentiary hearing will be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's request that the court hold an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that :

1. Respondent's June 24, 2010 motion to dismiss (#7) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

1/Tam
salm0595.157(a)

5